HANNAH JACOBSOHEN, Appellant, *v.* LOUIS KATZ, Respondent.

First Department, May 16, 1919.

**Slander — words actionable per se — words charging plaintiff with dishonesty in her business or employment — when proof of special damage not necessary — verdict not result of prejudice and sympathy or against weight of evidence.**

Where in an action to recover damages for slander it appears that the defendant, the next day after the plaintiff left his employment, called on the plaintiff's former employer and said to him in effect that the plaintiff, while in his employ, robbed him right and left and that she had taken money while employed by him, and that such testimony although corroborated by another witness was denied by the defendant and his brother, the words spoken concerning the plaintiff charged her with dishonesty in her business or employment, and,. hence, were actionable *per se*, and it was not necessary to prove special damages.

A verdict in favor of the plaintiff was not a result of prejudice and sympathy or against the weight of the evidence.

APPEAL by the plaintiff, Hannah Jacobsohen, from an order of the County Court of Bronx county, entered in the office of the clerk of said county on the 13th day of January, 1919, setting aside the verdict of a jury in her favor in the sum of $750 and granting a new trial.

*Abraham Lipton,* for the appellant.

*Herman Hoffman,* for the respondent.

PAGE, J.:

The action was to recover damages for slander. The plaintiff was in the employ of the defendant about four days when she left to accept employment in another place. The next day after she left the defendant called on a Mr. Lewis in whose employ plaintiff had been just previous to her accepting employment with the defendant. Lewis had sold his lease and was giving up his store. The defendant said to him: "What are you doing?" Lewis said: "I am getting out." Katz said: "No wonder you have to get out; you had a girl in your employ robbing you right and left." Lewis said:

" What do you mean? " Katz replied: " The saleslady down at our store that worked for you was getting off with money on every sale she made," and further said: " A woman bought a hat for $4 and she put $3 in the cigar box; " this box being the place where defendant kept his money. Lewis testified that Katz mentioned Mrs. Jacobsohen as being the saleslady to whom he referred. Lewis was corroborated by Henry Relkin, who was present during the conversation. The defendant and his brother who were present denied that any such conversation took place. There was, therefore, a clearly contested question of fact for the determination of the jury. The judge who tried the case evidently considered that it was necessary for the plaintiff to prove special damages, and as both Lewis and Relkin stated that they did not believe the statements, and it was shown that the plaintiff was still in the employment in which she was at the time, he thought that the plaintiff had failed to prove that she was entitled to any damage. Inasmuch as the words spoken of the plaintiff charged her with dishonesty in her business or employment they were actionable *per se,* and it was not necessary to prove special damage.

The verdict was set aside on the ground that it was the result of prejudice and sympathy and against the weight of evidence. This was clearly wrong. The verdict was not excessive and was clearly justified by the evidence, and the order should be reversed, with costs to the plaintiff, and the verdict reinstated and judgment directed to be entered thereon in favor of the plaintiff.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with costs, and verdict reinstated and judgment directed to be entered thereon in favor of plaintiff.